1  PETER C. ANDERSON
   UNITED STATES TRUSTEE
2  Michael Jones, State Bar No. 271574
   Assistant United States Trustee
3  Dare Law, State Bar No. 155714
   Trial Attorney
4  OFFICE OF THE UNITED STATES TRUSTEE
   915 Wilshire Boulevard, Suite 1850
5  Los Angeles, California 90017
   Tel: (213) 894-4925
6  Fax: (213) 894-2603
   Email: dare.law@usdoj.gov

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                  LOS ANGELES DIVISION

11  In re:                          )  Case No.: 2:24-Bk-13606 NB
                                    )
12                                  )  Chapter 7
                                    )
13  CARLA LANETTE MARTINEZ          )
                                    )  **NOTICE OF MOTION AND MOTION TO**
14          Debtor.                 )  **DISMISS CHAPTER 7 CASE FOR CAUSE**
                                    )  **UNDER 11 U.S.C. § 707(a), OR IN THE**
15                                  )  **ALTERNATIVE, MOTION TO EXTEND**
                                    )  **DEADLINE FOR FILING MOTION TO**
16                                  )  **DISMISS CASE UNDER § 707(b)(3)**
                                    )  **AND/OR COMPLAINT UNDER 11 U.S.C.**
17                                  )  **§ 727 OBJECTING TO DEBTOR'S**
                                    )  **DISCHARGE; MEMORANDUM OF**
18                                  )  **POINTS AND AUTHORITIES AND**
                                    )  **DECLARATION OF BANKRUPTCY**
19                                  )  **AUDITOR JENNA HUNTER IN**
                                    )  **SUPPORT THEREOF**
20                                  )
                                    )  DATE:      July 30, 2024
21                                  )  TIME:      11:00 a.m.
                                    )  CTRM:      1545
22                                  )             255 E. Temple Street
                                    )             Los Angeles, CA 90012
23                                  )
                                    )
24

25  **TO THE HONORABLE NEIL BASON, UNITED STATES BANKRUPTCY JUDGE,**

26  **DEBTOR, DEBTOR'S COUNSEL, CREDITORS and ALL PARTIES IN INTEREST:**

27          PLEASE TAKE NOTICE THAT, on July 30, 2024, at 11:00 a.m., or as soon thereafter as the

28  matter may be heard, Peter C. Anderson, United States Trustee for the Central District of California

                                    - 1 -

1    ("U.S. Trustee"), will and hereby does move this Court to enter an Order dismissing this case for

2    cause under 11 U.S.C. § 707(a).  In the alternative, in the event that the requested case dismissal is

3    not granted, the U.S. Trustee also moves the Court for an order extending the filing deadline for the

4    U.S. Trustee only for commencing a motion under § 707(b)(3) and/or an adversary action under §

5    727 seeking denial of the Debtor's discharge.

6         If you wish to oppose or respond to this motion, you must file a written response with the

7    Clerk of the United States Bankruptcy Court at Edward R. Roybal Building and Courthouse, 255 E.

8    Temple Street, Room 940, Los Angeles, California 90012, and serve a copy of it on the United States

9    Trustee at the address set forth above and upon the Chapter 7 Trustee (see attached service list) no

10   less than 14 days prior to the above hearing date.  If you fail to file a response to this motion within

11   such time period, the Court may treat such failure as a waiver of your right to oppose the motion and

12   may grant the requested relief.

13        This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points

14   and Authorities attached hereto, the Declaration of Jieun Kwon, the Request for Judicial Notice, and

15   all other papers and pleadings on file with this Court.

16   Dated:   June 14, 2024

17                                        PETER C. ANDERSON
                                         UNITED STATES TRUSTEE
18

19                                            /s/ Dare Law

20                                       By:    Dare Law
                                                Attorney for the United States Trustee
21

22

23

24

25

26

27

28

**P2**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Cause exists under 11 U.S.C. § 707(a) to dismiss the bankruptcy case filed by this debtor, Carla Lanette Martinez ("Debtor"), because the Debtor has failed to timely cooperate with and to sufficiently or substantively respond to the requests of the U.S. Trustee for additional documents and information and has caused unreasonable delay that is prejudicial to creditors.  Accordingly, under 11 U.S.C. § 707(a), this Court should dismiss the Debtor's case.

In the alternative, the U.S. Trustee seeks an extension of the deadline to either file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 and/or to file a motion to dismiss Debtor's case for abuse under 11 U.S.C. § 707(b)(3)(A) or (B).

### II.   JURISDICTION AND STANDING

This Court has jurisdiction of this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151.  This is a core proceeding under 28 U.S.C. § 157 (b)(2)(A) and (B).  This motion is filed pursuant to 11 U.S.C. §§ 707(a).[1]

Section 707(a)(1) of the Bankruptcy Code provides as follows:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only

for cause, including ---

(1) Unreasonable delay that is prejudicial to creditors.

Section § 707(b)(1) provides that upon motion of the United States Trustee, a court may dismiss a Chapter 7 case filed by an individual debtor who owes primarily consumer debts if it finds that the granting of relief would be an abuse of the provisions of Chapter 7 of the Bankruptcy Code.[2]  Under the Federal Rules of Bankruptcy Procedure 1017(e)(1), motions to dismiss a Chapter 7 case pursuant to § 707(b) that are not based on the presumption of abuse contained in § 707(b)(2) must be

---

[1] All further references to statutes will be to Title 11 of the United States Code, also known as the Bankruptcy Code.

[2] *See* 11 U.S.C. § 707(b)(1).

P3

1   filed within 60 days after the first date set for the meeting of creditors under § 341(a), unless the

2   deadline is extended by the court.

3        The initial deadline to file a motion pursuant to § 707(b)(3) or a complaint to deny discharge

4   is August 05, 2024.[3]  Thus, the motion to extend the filing deadline under 11 U.S.C. §§ 707(b)(3)

5   and/or 727 is timely and procedurally proper.

6   **III.    FACTUAL BACKGROUND**

7        1.    The Debtor commenced this bankruptcy case by filing a voluntary Chapter 7 petition,

8   and related schedules and statements on May 08, 2024.[4]

9        2.    The Debtor's debts are primarily consumer in nature.  The Debtor checked the box in

10  Part 6 of the Voluntary Petition indicating that the debts are primarily "consumer debts."[5]

11       3.    On May 25, 2024, the U.S. Trustee sent an inquiry letter to Debtor, Carla Lanette

12  Martinez, requesting information and documents relating to the Debtor's financial affairs ("UST

13  Inquiry").  The UST Inquiry required a written response by June 04, 2024.[6]  The Debtor partially

14  responded.  *See,* Hunter Decl., para. 22.  Debtor requested what was determined to be legal advice

15  and requested an extension of time to respond.  *See,* Hunter Decl., para. 23.

16       4.    The United States Trustee responded to Debtor indicated he was prohibited from

17  providing legal advice and suggested Debtor confer with a bankruptcy attorney.  *See,* Hunter Decl.,

18  para. 24.

19       5.    Debtor then requested an additional extension of time to respond up to June 12. 2024.

20  *See,* Hunter Decl., para. 25.

21

22  ───────────────

23  [3] *See Case Docket for In re: Carla Lanette Martinez, case number 2:24-bk-13606 NB,* ("Case Docket") The U.S.
Trustee respectfully requests that the Court take judicial notice of Debtor's Petition, Schedules, Statement of Financial

24  Affairs and other documents filed therewith and any amendments thereto which are in the Court's file, pursuant to Fed.
R. Evid. 201, as made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9017.  The information contained in

25  these documents, signed under penalty of perjury by Debtor, are admissible admissions of the Debtor pursuant to Fed.
R. Evid. 801(d).

26  [4] *See Exhibit 2,* Case Docket.

27  [5] *See* Hunter Declaration. .

28  [6] *Id.*.

**P4**

1    6.    Due to the lack of a full response and document production, the U.S. Trustee has been

2    unable to make a determination and confirm, respectively, whether or not the presumption of abuse

3    arises in the case, and/or whether Debtor's case constitutes an abuse under the totality of the financial

4    circumstances or as a "bad faith" filing under 11 U.S.C. §§ 707(b)(2) and (3)(A) and (B).[7]

5    7.    Moreover, the U.S. Trustee is unable to determine if there are sufficient factual

6    grounds to deny Debtor's discharge under 11 U.S.C. § 727.[8]

7    **IV.    DISMISSAL OF THIS CASE IS WARRANTED PURSUANT TO 11 U.S.C. § 707(a).**

8    **A.    Cause Exists to Dismiss Debtor's Case Under § 707(a).**

9    The Debtor has failed and continues to fail to fully cooperate with the U.S. Trustee's requests

10    for documents and information. The Debtor's on-going failure to fully cooperate constitutes cause

11    warranting dismissal under § 707(a) because such conduct unreasonably delays the administration of

12    this case and hinders the U.S. Trustee's statutory duties imposed by § 704(b).

13    The U.S. Trustee is an officer of the United States Department of Justice, charged with the

14    statutory duty under 28 U.S.C. § 586(a)(3) to supervise the administration of cases and trustees in

15    cases under chapter 7, 11, 12 or 13 of Title 11.

16    Section 704(b) requires the U.S. Trustee to review all materials filed by the debtor and

17    determine no later than 10 days after the date of the first meeting of creditors whether the debtor's

18    case would be presumed to be an abuse under § 707(b). Section 704(b)(2) sets forth a 30-day deadline

19    after the filing of a 10-day statement of presumed abuse for the U.S. Trustee to file a motion to dismiss

20    or convert or a statement stating that such a motion is not appropriate. Because § 704(b) sets rigid

21    statutory deadlines for the U.S. Trustee, a Chapter 7 debtor's failure to cooperate with the U.S.

22    Trustee's investigation directly impedes the U.S. Trustee's statutory duties.

23    Further, Bankruptcy Code § 521 (a)(3) and (4) specifically impose upon a Chapter 7 debtor

24    the duty to cooperate with the trustee as necessary to enable the trustee to perform his or her statutory

25    duties, as well as surrender to the trustee any recorded information, including books, documents,

26

27    [7] *Id.* at ¶ 7.

28    [8] *Id.*

**P5**

1  records, and papers relating to property of the estate.  Bankruptcy Rule 4002 additionally imposes

2  upon the debtor the duty to cooperate with the trustee in the administration of the estate.

3      Therefore, where a chapter 7 debtor, as here, either fails or refuses to fully cooperate with a

4  timely investigation by the U.S. Trustee or the case trustee, the U.S. Trustee cannot carry out his own

5  statutory oversight duties of cases and panel trustees.

6      **B.    Public Interest Compels Dismissal of the Debtor's Case and Vacating of any**

7              **Discharge Entered.**

8      The Court should dismiss the case and, in the event a discharge is entered before this matter

9  is considered by the Court, the Court should also vacate any such discharge as a matter of public

10  policy. There is no constitutional right to receive a discharge under Chapter 7.  As the United States

11  Supreme Court succinctly stated:

12      The Bankruptcy Code is intended to serve those persons who, despite their best
        efforts, find themselves hopelessly adrift in a sea of debt.  Bankruptcy protection
13      was not intended to assist those who, despite their own misconduct, are attempting to
        preserve a comfortable standard of living at the expense of his creditors.  Good faith
14      and candor are necessary prerequisites to obtaining a fresh start.  The bankruptcy
        laws are grounded on the fresh start concept.  There is no right, however, to a head
15      start.

16  *In re Zick*, 931 F.2d at 1120-30, *citing, In re Jones*, 114 B.R. 917 (Bankr.N.D. Ohio 1990) *citing*,

17  *Local Loan v. Hunt*, 292 U.S. 234 (1934)).

18      The U.S. Trustee has a statutory duty to counter abuse of the bankruptcy process.   The

19  Debtor's failure to cooperate with the U.S. Trustee's investigation constitutes a lack of good faith

20  and candor warranting case dismissal.

21  **V.    ALTERNATIVELY, THE U.S. TRUSTEE REQUESTS AN ORDER EXTENDING**

22          **THE DEADLINE FOR A MOTION TO DISMISS FOR ABUSE UNDER § 707(b)(3)**

23          **OR A COMPLAINT FOR THE DENIAL OF DISCHARGE UNDER § 727.**

24      Federal Rules of Bankruptcy Procedure 4004(a) and 1017(e)(1) control the time frames for

25  the filing of a complaint under § 727 of the Bankruptcy Code.  These Rules provide in a Chapter 7

26  case that such a complaint shall be filed no later than sixty (60) days following the first date set for

27  the § 341(a) Meeting of Creditors.  Pursuant to FRBP 4004(b) and 1017(e)(1), this Court may extend

28

**P6**

1  the bar date for filing complaints objecting to a debtor's discharge if the motion to extend time is

2  filed before the 60-day time period has expired.

3      Here, the first date set for the § 341(a) Meeting of Creditors was June 06, 2024, and thus the

4  deadline for filing a complaint under § 727 or a motion to dismiss under Section 707(b)(3) is August

5  05, 2024.  Thus, this motion is timely filed.

6      The U.S. Trustee is currently and has been diligently investigating this matter regarding

7  potential violations of Bankruptcy Code § 707(b)(2) and (3), and § 727.  The U.S. Trustee's analysis

8  of the case to date has led to the conclusion that a motion under § 707(a) is the most appropriate

9  action to take with respect to the Debtor's chapter 7 filing considering the Debtor's continuing failure

10  to cooperate with the U.S. Trustee's inquiries.

11      However, in the event that the underlying case is not dismissed, and in order to provide the

12  U.S. Trustee with the opportunity to develop sufficient evidence to determine if the Debtor should

13  receive a discharge, as alternative relief the U.S. Trustee further requests that the Court extend, for a

14  period of approximately 90 days up to and including November 04, 2024, the deadline  for filing

15  either a § 707(b)(3) Motion to Dismiss Case for Abuse for "Bad Faith" or under a "Totality of the

16  Circumstances" analysis, or a § 727 complaint to deny the Debtor's discharge.[9]

17  ///

18  ///

19  ///

20

21

22

23

24

25

26

27

28  [9] The U.S. Trustee may also consider a motion under Section 329 and requests that the Court reserve jurisdiction to hear the motion after the dismissal.

1    **VII.**    **CONCLUSION**

2        Based on the foregoing, the U.S. Trustee respectfully requests that the Court dismiss the case

3 pursuant to § 707(a).  Alternatively, the Court should extend the deadline for the U.S. Trustee to file

4 either a § 707(b)(3) dismissal motion or an adversary proceeding objecting to the Debtor's discharge

5 pursuant to § 727 to November 04, 2024.

6 DATED: June 14, 2024                 PETER C. ANDERSON

7                                 UNITED STATES TRUSTEE

8                                  /s/ Dare Law

9                                By: Dare Law
                                   Attorney for the United States Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**P8**

# Declaration of Jenna Hunter

Declaration of Jenna Hunter

### DECLARATION OF JENNA HUNTER

I, Jenna Hunter, declare and state as follows:

1.    I am over the age of eighteen years, and if called upon to testify I could and would do so competently. I am employed as a Bankruptcy Auditor by the Office of the United States Trustee for the Central District of California, in the Los Angeles Field Office. I have been so employed since November 2022. I am the Auditor assigned to *In Re: CARLA LANETTE MARTINEZ*, Case No. **2:24-BK-13606-NB**. I have personal knowledge of the facts set forth herein and based on that personal knowledge I assert that all such facts are true and correct to the best of my knowledge.

2.    Carla Lanette Martinez ("Debtor") filed a voluntary petition on May 8, 2024. Debtor filed pro per and was not represented by counsel at the time. The Chapter 7 Trustee appointed to the case is Jason Rund.

3.    On the date of filing, the Debtor also filed the Debtor's Statement of Related Cases (LBR Form 1015-2.1), Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) , Schedule A/B Individual: Property (Official Form 106A/B or 206A/B), Schedule D Individual: Creditors Who Have Claims Secured by Property (Official Form 106D or 206D), Schedule E/F Individual: Creditors Who Have Unsecured Claims (Official Form 106F or 206F), Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H Individual: Your Co-Debtor (Official Form 106H or 206H), Schedule I Individual: Your Income (Official Form 106I), Schedule J: Your Expenses (Official Form 106J), Schedule J-2: Expenses for Separate Household of Debtor 2 (Official Form 106J-2), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108), Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option), Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option), Verification of Master Mailing List of Creditors (LBR Form F1007-1), and Social Security Statement.

4.    Most of these filings were blank or erroneously completed.

5.    Debtor previously filed a chapter 7 bankruptcy in this Court on December 28, 2009 (2:09-bk-46681-BR). That case was dismissed for Other Reason on January 26, 2010. Debtor then filed a chapter 13 bankruptcy with this Court on November 26, 2019 (2:19-bk-23896-NB). That case was dismissed for Other Reason on January 10, 2020.

6.    The Summary of Assets and Liabilities for Individual in the present case reports $1,526,000 of assets and unknown/blank liabilities.

7.    At Schedule D, there are no claims.

8.    At Schedule E/F, there are four claims totaling $31,267.62.

9.    At Schedule I, Debtor reports being employed as a sign maker/owner by Southern California Signs from January 2008 to February 2020. The rest of Schedule I is blank.

10.    At Statement of Financial Affairs #1, Debtor reports being married.

11.    At Statement of Financial Affairs #4, Debtor reports no historical income.

12.    At Schedule J, Debtor reports three adult dependents: a 20 year old daughter, a 23 year old son, and a 32 year old son.

13.    At Schedule J, most line items are left blank. Between Lines 4 and 5 for housing costs, Debtor reports only home maintenance, upkeep, and repair costs at Line 4g of $500.

14.    At Schedule J, total monthly expenses reported at Line 23b are $4,020. No income is listed at Line 23a, and net monthly income is listed at Line 23c as -$4,020.

15.    At Schedule J-2: Expenses for Separate Household of Debtor 2. There is no Debtor 2 listed. All lines at Schedule J-2 are blank. Debtor then reports $4,020 of Debtor 1 expenses at Line 22.

16.    At Form 122A, Debtor does not report a household size, but reports a relevant median income for unknown household size of $9,193 at Line 13. Debtor reports $0 for all lines of Form 122A for Debtor 1 and for Debtor 2.

17.    At Form 122A-2, Debtor reports only one amount: $4,500 at Line 8 for housing and utilities. This is more than the $500 cost of housing reported at Lines 4 and 5 of Schedule J.

18.     As can be established by a review of the Court's files, the §341(a) meeting was set by the court for June 6, 2024. The 341a Meeting was continued to June 26, 2024 at the request of the debtor and by the chapter 7 trustee.

19.     The Debtor's debts are primarily consumer in nature.  The Debtor checked the box in Part 6 of the Petition indicating that her debts are primarily "Consumer/Non-Business.

20.     On behalf of the UST, and in the course and scope of my regular duties, I reviewed the Debtor's petition, schedules, means test documents and statements.  Based upon a review of the Debtor's Schedules D and E/F, the UST determined that the Debtor's obligations are primarily consumer debts.  Upon the conclusion of my review, and in agreement with Debtor's Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) and Chapter 7 Means Test Calculation (Official Form 122A-2), the U.S. Trustee began investigation of Debtor's true household income, household size and ability to repay debt at the time the debt was incurred, as required in § 704(a)(4), § 707(b)(3)(A) and § 727.

21.     On May 25, 2024, the UST caused to be transmitted via e-mail to Debtor, a U. S. Trustee Inquiry Letter and request for documents. Among other items, the UST requested information about omitted, erroneous, and conflicting information provided throughout Debtor's Schedules and Form 122A. This information would allow for an accurate calculation of household income and expenses. The UST requested that Debtor respond with documents by June 4, 2024.  A true and correct copy of the Inquiry Letter is attached hereto in Exhibit "1".

22.     On June 4, 2024, Debtor sent some documents in partial response to the UST's inquiry. A true and correct copy of this response is attached hereto in Exhibit "2".

23.     On June 5, 2024, Debtor requested legal advice and an extension from the UST. See Exhibit 1.

24.     On June 6, 2024, the UST told the Debtor that he cannot provide her with legal advice. The UST suggested that the Debtor hire an attorney. See Exhibit 1. The UST sent an e-mail to Debtor summarizing the documents received on June 4, 2024 and requesting outstanding documents and information in full response to the May 25, 2024 inquiry by June 13, 2024. See

Exhibit 1. Debtor provided her tax return to the UST. A true and correct copy of this response is attached hereto in Exhibit "3".

25. On June 12, 2024, Debtor requested another extension to provide information and documents to the UST. See Exhibit 1.

26. To date, Debtor has failed to provide a substantive response to the UST's Inquiry Letter, request for documents, and follow-up requests.

27. Because the Debtor failed to respond to the U.S. Trustee Inquiry, I cannot adequately determine if Debtor's case is abusive pursuant to 11 U.S.C. § 707(b) nor can I adequately determine if a complaint pursuant to 11 U.S.C. § 707 or § 727 is warranted in this case.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on *June 14, 2024,* in Los Angeles, California.

Jenna Hunter

# Exhibit "1"

# Exhibit "1"

EXHIBIT 1: UST INQUIRY AND CORRESPONDENCE WITH DEBTOR

| | |
|---|---|
| **From:** | Carla ClenneyMartinez |
| **To:** | Hunter, Jenna R. (USTP) |
| **Cc:** | jrund@srlawyers.com; Law, Dare (USTP) |
| **Subject:** | Re: [EXTERNAL] Re: UST request for information, due June 4: Martinez, 24-13606-NB |
| **Date:** | Wednesday, June 12, 2024 1:23:57 PM |

Hello Jenna, I am still working on the Amendment would like to know if I can get an extension until Monday June 17, 2024 as I'm still not well and need to go back to the ER today.

Thank you,
Carla


On Thu, Jun 6, 2024, 10:08 AM Carla ClenneyMartinez <carlaclenney@gmail.com> wrote:

Received information.
Thank you,
Carla


On Thu, Jun 6, 2024, 10:03 AM Hunter, Jenna R. (USTP) <Jenna.R.Hunter@usdoj.gov> wrote:

Ms. Martinez,


I reviewed the documents that you sent to my e-mail the past few days. I see only bank statements and a 2022 tax return. I do not see pay advices. I do not see any amended filings. I do not see any explanations of the incorrect and/or omitted information from your Schedules, SOFA, and 122A.


Please complete your response to the UST's inquiry no later than June 13, 2024. Failure to do so may lead to a motion to dismiss.


**J.R. Hunter**

Auditor (Bankruptcy)

United States Department of Justice

Office of The United States Trustee

915 Wilshire Blvd., Suite 1850

Los Angeles, CA 90017-3560

E-mail: jenna.r.hunter@usdoj.gov

P15

Phone: (213) 894-4356

**From:** Hunter, Jenna R. (USTP)
**Sent:** Thursday, June 6, 2024 8:26 AM
**To:** Carla ClenneyMartinez <carlaclenney@gmail.com>
**Cc:** jrund@srlawyers.com; Law, Dare (USTP) <Dare.Law@usdoj.gov>
**Subject:** RE: [EXTERNAL] Re: UST request for information, due June 4: Martinez, 24-13606-NB

Ms. Martinez,

I am sorry to hear about your health issues. That sounds stressful.

I cannot provide legal advice on your case. I suggest you reach out to an attorney for assistance.

**J.R. Hunter**

Auditor (Bankruptcy)

United States Department of Justice

Office of The United States Trustee

915 Wilshire Blvd., Suite 1850

Los Angeles, CA 90017-3560

E-mail: jenna.r.hunter@usdoj.gov

Phone: (213) 894-4356

**From:** Carla ClenneyMartinez <carlaclenney@gmail.com>
**Sent:** Wednesday, June 5, 2024 4:18 PM
**To:** Hunter, Jenna R. (USTP) <Jenna.R.Hunter@usdoj.gov>
**Cc:** jrund@srlawyers.com; Law, Dare (USTP) <Dare.Law@usdoj.gov>
**Subject:** [EXTERNAL] Re: UST request for information, due June 4: Martinez, 24-13606-NB

Hello Jenna,

I need to let you know I have been very sick due to intestinal issues for the past month. I went to the ER and was told I should get a cancer screening. I have asked for an Extension with Laura, she said June 26th is next Zoom meeting for non appearance tomorrow.

I need to know if the schedules are OK or if I can get an Extension to fix the schedule 122A or whichever else is needed, due to my health issues.

Please advise asap.

Thank you,

Carla Clenney-Martinez

On Tue, Jun 4, 2024, 11:22 PM Carla ClenneyMartinez <carlaclenney@gmail.com> wrote:

> I will get this to you ASAP.

On Sat, May 25, 2024 at 11:37 AM Hunter, Jenna R. (USTP) <Jenna.R.Hunter@usdoj.gov> wrote:

> Dear Ms. Martinez,

> The Office of the United States Trustee has reviewed the underlying Petition, Schedules and Statement of Financial Affairs. Pursuant to 28 U.S.C. § 586(a)(3)(D), the United States Trustee supervises the administration of bankruptcy cases and, when appropriate, takes such action as the United States Trustee deems appropriate to ensure that all schedules, statements, reports and fees required under Title 11 are properly and timely filed. The United States Trustee is also charged with the responsibility to prosecute motions to dismiss pursuant to 11 U.S.C. § 707.

> In order to verify the information provided in the petition, schedules and form 122A, please provide additional information, explanations, and documentation, as follows, to this office **on or before June 4, 2024**.

> 1. Please provide the United States Trustee with copies of:

a.    All pay advices or other proof of income, including rental, commission and residual statements, SAG, AFTRA and WGA quarterly reports, cash disbursement journals and payroll ledgers and EDD/unemployment, disability and retirement statements for the entire period covering November 1, 2023 through the date of the Petition;

b.    2022 and 2023 W-2s, W-2Gs and 1099 statements;

c.    Personal state and federal tax returns[1] for 2022 and 2023, if available;

d.    All monthly bank, credit union, Paypal and Venmo statements and brokerage accounts for the entire period covering November 1, 2023 through the date of this letter;

2.  It appears that most Schedules, the SOFA, and the Form 122A are either blank and incomplete or erroneously completed. Please amend all filings that need more complete information and correct all errors. Please send us a copy of the amended documents by the inquiry response deadline.

Your response should also address any special circumstances or issues that are not readily apparent from the Schedules and Statement of Financial Affairs.  It is important for the United States Trustee to have a complete understanding of the Debtor's financial picture in order to properly evaluate this case.

Please note this production of documents does not waive your obligation to provide the Chapter 7 trustee with the documents required pursuant to 11 U.S.C. § 521(e)(2).

Please direct your response to this letter to Jenna Hunter, Bankruptcy Auditor, **Via Email only - Reply All**, with a copy to the Chapter 7 Trustee.  Responses via zip drives, zip files/folders need to be unlocked/password transmitted.  Email submissions are to be no larger than *10mbs*. *Omit complete account numbers, **leaving only the last 4 digits** as disclosed on all documents submitted in response to this letter.*

Be advised that if this office does not receive the requested information **on or before June 4, 2024,** the United States Trustee will file a motion with the court requesting that this case be dismissed. If you have any additional questions regarding this letter, please contact Jenna Hunter at jenna.r.hunter@usdoj.gov .

**Please reply to this inquiry with a confirmation of receipt.** Thank you, for your cooperation.

**J.R. Hunter**

Auditor (Bankruptcy)

United States Department of Justice

Office of The United States Trustee

915 Wilshire Blvd., Suite 1850

Los Angeles, CA 90017-3560

E-mail: jenna.r.hunter@usdoj.gov

Phone: (213) 894-4356

---

[1] Taxpayers can monitor their IRS information online https://go.usa.gov/xUGZn.

Exhibit "2"

Exhibit "2"

EXHIBIT 2: PARTIAL RESPONSE FROM DEBTOR TO UST INQUIRY

| | |
|---|---|
| **From:** | Carla ClenneyMartinez |
| **To:** | Hunter, Jenna R. (USTP) |
| **Subject:** | [EXTERNAL] Re: income, bank statements |
| **Date:** | Tuesday, June 4, 2024 11:37:51 PM |
| **Attachments:** | Statement5312024.pdf |
| | Statement4302024.pdf |
| | Statement3312024.pdf |
| | INVStatement3312024.pdf |
| | Statement2292024.pdf |
| | Statement1312024.pdf |
| | Statement12312023.pdf |
| | Statement10-12312023.pdf |

Hello Jenna,

I accidentally sent the Bank of America statements with the account numbers not blackened out.

I am sending my Fidelity bank statements, the account numbers should all be ok.
Thank you,
Carla

On Tue, Jun 4, 2024 at 11:22 PM Carla ClenneyMartinez <carlaclenney@gmail.com> wrote:
Hello Jenna,

I am just seeing this tonight, I have been very ill this past entire month and went to the ER this week.

I am sending the bank statements and I have ZERO income this month. I do not get any unemployment, disability or have any retirement.

I have already sent the 2022 Federal and State income taxes.
Sorry for any inconvenience.

Thank you,
Carla

Exhibit "3"

Exhibit "3"

| From: | Carla ClenneyMartinez |
|---|---|
| To: | Hunter, Jenna R. (USTP) |
| Subject: | Re: [EXTERNAL] Re: Income, bank statements |
| Date: | Thursday, June 6, 2024 9:59:08 AM |
| Attachments: | TAX-RETURNS-2022.pdf |

Hello Jenna,

Here is the 2022 Federal and State tax return.

Thank you,

Carla

On Thu, Jun 6, 2024, 9:52 AM Carla ClenneyMartinez <carlaclenney@gmail.com> wrote:

> Will do, thank you.

> On Thu, Jun 6, 2024, 8:33 AM Hunter, Jenna R. (USTP) <Jenna.R.Hunter@usdoj.gov>
> wrote:

>> Ms. Martinez,

>> Please provide the tax return(s) to our office.

>> The USTP does not work with the chapter 7 trustee on your case. It sounds like perhaps you sent your 2022 tax return to that trustee. Please respond in full to the UST's inquiry, independent of the trustee's needs. (See the inquiry letter, toward the end, for this directive.)

>> Thank you,

>> **J.R. Hunter**

>> Auditor (Bankruptcy)

>> United States Department of Justice

>> Office of The United States Trustee

>> 915 Wilshire Blvd., Suite 1850

>> Los Angeles, CA 90017-3560

E-mail: jenna.r.hunter@usdoj.gov

Phone: (213) 894-4356

**From:** Carla ClenneyMartinez <carlaclenney@gmail.com>
**Sent:** Tuesday, June 4, 2024 11:23 PM
**To:** Hunter, Jenna R. (USTP) <Jenna.R.Hunter@usdoj.gov>
**Subject:** [EXTERNAL] Re: income, bank statements

Hello Jenna,

I am just seeing this tonight, I have been very ill this past entire month and went to the ER this week.

I am sending the bank statements and I have ZERO income this month. I do not get any unemployment, disability or have any retirement.

I have already sent the 2022 Federal and State income taxes.

Sorry for any inconvenience.

Thank you,

Carla

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**915 Wilshire Boulevard, Suite 1850, Los Angeles, California 90017-3560**

A true and correct copy of the foregoing document entitled (*specify*): **Notice of Motion and Motion Under 11 U.S.C. § 1112(b)(1) to Dismiss Chapter 7 Case for Cause Under 11 U.S.C.§ 707(a), Or in the Alterative, Motion to Extend Deadline for Filing Motion to Dismiss Case Under 707(b)(3) and/or Complaint Under 11 U.S.C. § 727 Objecting to Debtor's Discharge; Memorandum of Points and Authorities; and Declaration of Bankruptcy Auditor Jenna Hunter in Support Thereof**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 14, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> **Patti H Bass**    ecf@bass-associates.com
> **Jason M Rund (TR)**    trustee@srlawyers.com, jrund@ecf.axosfs.com
> **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

2. **SERVED BY U.S. POSTAL SERVICE**:  On **June 14, 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> **Carla Lanette Martinez**
> 3966 Redwood Ave
> Los Angeles, CA 90066

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 14, 2024 | Dare Law | /s/ Dare Law |
|---|---|---|
| Date | Print Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

FROM:       OFFICE OF THE UNITED STATES TRUSTEE

DATE:       June 14, 2024

TO:         BANKRUPTCY NOTICING CENTER

SUBJECT:    UNITED STATES TRUSTEE'S MOTION TO DISMISS CHAPTER 7 CASE

**PART I**

**Please notice the subject motion for the following Chapter 11 case:**

CASE NUMBER: 2:24-bk-13606-NB

CASE NAME: CARLA LANETTE MARTINEZ

DATE PETITION FILED: MAY 08, 2024

HEARING DATE: JUNE 30,2024              TIME:11:00 AM

COURTROOM: 1545

CONTACT AT U.S. TRUSTEE'S OFFICE: DARE LAW
                                  Trial Attorney

     For Conversion or Dismissal Only

Does the conversion or dismissal involve a joint petition
wherein one party (husband or wife) has been converted or
dismissed?
              {  } Yes              {  } No

If yes, explain:

PREPARED BY: STEPHANIE HILL

**PART II**    (To be completed by BANS)

Data Entry Operator _____   Date Entered _____

Comments: _____

_____

_____

**P26**